

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00392-CV

———————————————

IN THE INTEREST OF N.J., A CHILD

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-716584-22

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellant C.F. (Mother) attempts to appeal from the trial court's final "Default Order of Termination" in a private suit seeking termination of her parental rights to her daughter N.J. Because Mother did not timely file her notice of appeal, we dismiss this appeal for want of jurisdiction.

The trial court signed the default order terminating Mother's parental rights on July 25, 2022. Because this is an accelerated appeal, Mother's deadline to file her notice of appeal was August 15, 2022.[1] *See* Tex. Fam. Code Ann. § 109.002(a-1) (providing that "[a]n appeal in a suit in which termination of the parent–child

---

[1]Mother timely moved for new trial, which the trial court denied. *See* Tex. R. Civ. P. 329b(a). In an ordinary civil case, Mother's filing a new-trial motion would have extended her notice-of-appeal filing deadline to October 24, 2022. *See* Tex. R. App. P. 26.1(a)(1); *see also* Tex. R. App. P. 4.1(a). But because this is an accelerated appeal, Mother's new-trial motion did not extend her appellate deadline. *See* Tex. R. App. P. 28.1(b) (stating that filing a new-trial motion "will not extend the time to perfect an accelerated appeal"); *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex. 2005) (explaining that in an accelerated appeal, absent a timely filed motion for extension of time to file a notice of appeal under Texas Rule of Appellate Procedure 26.3, "the deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions"). Additionally, Mother's timely filed new-trial motion precludes us from construing Mother's notice of appeal as a notice of restricted appeal. *See* Tex. R. App. P. 26.1(c) (stating that notice-of-appeal deadline for restricted appeal is six months after judgment is signed), 30 (providing that party who did not participate in the hearing that resulted in the complained-of judgment and "did not timely file a postjudgment motion or request for findings of fact and conclusions of law" may file restricted appeal); *cf. M.M.S. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-19-00755-CV, 2019 WL 6795867, at *1 n.1 (Tex. App.—Austin Dec. 13, 2019, no pet.) (mem. op.) (stating that parent's timely filed request for findings of fact and conclusions of law in parental-rights-termination case precluded parent from filing a restricted appeal).

relationship is ordered" is accelerated and will "follow the procedures for an accelerated appeal under the Texas Rules of Appellate Procedure"); Tex. R. App. P. 26.1(b) (requiring notice of appeal in an accelerated appeal to be filed within 20 days after the judgment is signed), 28.1(b) (stating that an accelerated appeal is perfected by filing a notice of appeal within the time allowed by Rule 26.1(b)), 28.4(a)(1) (providing that appeals in parental-termination cases are governed by the rules of appellate procedure for accelerated appeals); *see also* Tex. R. App. P. 4.1(a) (providing that if due date falls on a Saturday, Sunday, or legal holiday, it is extended until the next day that is not a Saturday, Sunday, or legal holiday). Mother did not file her notice of appeal until October 6, 2022, over 50 days past the notice-of-appeal filing deadline. *See* Tex. R. App. P. 26.1(b).

On October 7, 2022, we notified Mother that it appeared we lacked jurisdiction over this appeal because her notice of appeal was untimely. *See* Tex. R. App. P. 26.1, 28.4. We warned her that we could dismiss this appeal for want of jurisdiction unless she or any other party wanting to continue the appeal filed a response within ten days showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. More than ten days have passed, and we have not received a response.

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Here,

3

Mother's notice of appeal was untimely, and she did not move to extend the appellate deadline.[2] *See* Tex. R. App. P. 26.1(b), 26.3, 28.1(b), 28.4(a)(1). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *K.A.F.*, 160 S.W.3d at 924, 928; *In re D.A.*, No. 02-15-00346-CV, 2015 WL 9244637, at *1 (Tex. App.—Fort Worth Dec. 17, 2015, no pet.) (mem. op.).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  November 17, 2022

---

[2]A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by Rule 26.1 but within the 15-day period in which the appellant would be entitled to move to extend the filing deadline under Rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3, 28.1(b). But Mother filed her notice of appeal after the 15-day extension period, and we thus cannot imply an extension motion.